

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 17, 2014**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EASTERN 1996D LIMITED | § | Case No. 13-34773-HDH-11 |
| PARTNERSHIP, *et al.*, [1] | § | |
| | § | Jointly Administered |
| Debtors. | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
### <u>CONFIRMING JOINT CHAPTER 11 PLAN</u>

Upon the *Joint Chapter 11 Plan Proposed by the Debtors, PDC Energy, Inc. and the*

*Official Committee of Equity Security Holders* dated October 28, 2014 [Docket No. 555], as it

may be amended or supplemented from time to time (the "<u>Plan</u>");[2] and this court (the "<u>Court</u>")

having entered, after due notice and a hearing, orders dated October 28, 2014, (i) approving the

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their federal tax identification numbers, are: (i) Eastern 1996D Limited Partnership (1154); (ii) Eastern 1997D Limited Partnership (4713); (iii) Eastern 1998D Limited Partnership (7539); (iv) CO and PA 1999D Limited Partnership (8545); (v) Colorado 2000B Limited Partnership (3050); (vi) Colorado 2000C Limited Partnership (3437); (vii) Colorado 2000D Limited Partnership (4071); (viii) Colorado 2001A Limited Partnership (9061); (ix) Colorado 2001B Limited Partnership (9832); (x) Colorado 2001C Limited Partnership (3219); (xi) Colorado 2001D Limited Partnership (5051); and (xii) Colorado 2002A Limited Partnership (9674).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

Disclosure Statement for the Plan (the "<u>Disclosure Statement</u>"); (ii) approving the procedures to solicit acceptances of the Plan, and (iii) scheduling a hearing and establishing notice and objection procedures for confirmation of the Plan (the "<u>Disclosure Statement Order</u>" and the "<u>Solicitation Order</u>," respectively, Docket Nos. 553 and 554); and the Disclosure Statement and Plan having been distributed or made available to holders of Claims against and Equity Interests in the Debtors and other parties in interest as provided in the Disclosure Statement Order and Solicitation Order; and upon the hearing to consider confirmation of the Plan conducted on December 15, 2014 (the "<u>Confirmation Hearing</u>"); and good and sufficient notice of the Plan and the Confirmation Hearing having been provided to holders of Claims against and Equity Interests in the Debtors in accordance with title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the orders of this Court, as established by the affidavits of service and mailing filed with the Court (the "<u>Notice Affidavits</u>"),[3] and such notice being sufficient under the circumstances and no other or further notice being required; and after full consideration of (i) the Memorandum of Law in Support of Confirmation of the Plan, dated December 12, 2014 [Docket No. 589], and (ii) the declaration filed by the Debtors' Court-appointed voting and solicitation agent, BMC Group, Inc. ("<u>BMC</u>"), dated December 10, 2014, regarding the methodology applied to the tabulation of the voting results with respect to Plan [Docket No. 587] (the "<u>BMC Declaration</u>"); and no objections to confirmation of the Plan having been filed, and upon the entire record of these Chapter 11 Cases, the record made at the Confirmation Hearing and the arguments of counsel and all of the evidence adduced thereat; and the Court having determined, based upon all of the foregoing, that

---

[3] *See* Docket Nos. 561 (Certificate of Service for mailing of solicitation packages) and 586 (Supplemental Certificate of Service for additional solicitation packages).

the Plan should be confirmed; and after due deliberation and good cause appearing therefor, the Court hereby

**FINDS, DETERMINES, AND CONCLUDES AS FOLLOWS:**

A. <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## JURISDICTION AND VENUE

B. <u>Jurisdiction, Venue, Core Proceeding</u>. This Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CHAPTER 11 CASES

C. <u>Commencement of the Chapter 11 Cases</u>. On September 16, 2013 (the "<u>Petition Date</u>"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. By order dated September 19, 2013, the Chapter 11 Cases were consolidated for procedural purposes only and are being jointly administered. The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of equity

security holders (the "Committee") was formed by the Office of the United States Trustee on December 20, 2013. No trustee or examiner has been appointed.

      D.      Judicial Notice. The Court takes judicial notice of the docket of the Debtors' Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court and pleadings reflected therein including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

## SOLICITATION AND NOTICE

      E.      Solicitation and Notice. On October 28, 2014, the Court entered its (i) Disclosure Statement Order, approving the Disclosure Statement and finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code and (ii) Solicitation Order which, among other things, established procedures for solicitation of votes on the Plan. The following materials (collectively, the "Solicitation Materials") were served upon parties in interest in compliance and in accordance with the Bankruptcy Rules, the Disclosure Statement Order and the Solicitation Order, as applicable:

- the Plan;

- the Disclosure Statement;

- the Disclosure Statement Order;

- the Ballots (as defined in the Solicitation Order);

- the Confirmation Hearing Notice (as defined in the Solicitation Order); and

- a letter from the Plan Proponents (defined below) in support of the Plan.

As described in the BMC Declaration and the Notice Affidavits (a) the service of the Solicitation Materials was adequate and sufficient under the circumstances of these Chapter 11 Cases and (b)

adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Order was timely provided in compliance with the Bankruptcy Rules, the Disclosure Statement Order and the Solicitation Order.

F.    Voting.  Votes on the Plan were solicited after disclosure to holders of Claims against and Equity Interests in the Debtors of "adequate information" as defined in section 1125 of the Bankruptcy Code.  As evidenced by the BMC Declaration, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

### COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE

G.    Burden of Proof.  The Debtors, PDC Energy, Inc. ("PDC") and the Committee, as joint proponents of the Plan (collectively, the "Plan Proponents"), have met their burden of proving the elements of sections 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.

H.    Bankruptcy Rule 3016(a).  The Plan is dated and identifies the Debtors, PDC and the Committee as the Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

I.    Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)    Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  As required by section 1123(a)(1) of the Bankruptcy Code, in addition to Administrative Expense Claims and

Priority Tax Claims, which need not be classified, Article III of the Plan designates twenty-six (26) Classes of Claims against and Equity Interests in the Debtors. As required by section 1122(a) of the Bankruptcy Code, the Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not effect unfair discrimination between holders of Claims and Equity Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii) _Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))_. Articles III and V of the Plan specify that Classes 1, 2 and 3 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii) _Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))_. Articles III and V of the Plan specify that Classes 4A through 4L are impaired and Article IV of the Plan sets forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv) _No Discrimination (11 U.S.C. § 1123(a)(4))_. Article IV of the Plan provides for the same treatment under the Plan for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment in respect of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v) _Implementation of the Plan (11 U.S.C. § 1123(a)(5))_. The Plan provides for adequate and proper means for its implementation including, without limitation, (a) consummation of the global settlement (the "Global Settlement") contained in Article VI of the

Plan, (b) the cancellation of all Equity Interests in the Debtors and their ultimate dissolution, (c) the cancellation of certain existing agreements, obligations, instruments, and interests; (d) the vesting of the assets of the Debtors' estates in the Reorganized Debtors; and (e) the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)   Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).  Because the Debtors are liquidating, the prohibition on the issuance of nonvoting equity securities, as required by section 1123(a)(6) of the Bankruptcy Code, is not applicable.

(vii)   Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). The Responsible Party will continue in her capacity as such following confirmation of the Plan, until the Chapter 11 Cases are wound down and concluded.   The Responsible Party's continuance in such role is consistent with the interests of creditors and equity holders and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

J.   Additional Plan Provisions (11 U.S.C. § 1123(b)).   The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

(i)   Impairment/Unimpairment of Any Class of Claims or Interests (§ 1123(b)(1)).  Pursuant to the Plan, Classes 1, 2 and 3 are unimpaired and Classes 4A through 4L are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

(ii)   Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)).  Article IX of the Plan provides for the rejection of the Debtors' remaining executory contracts and unexpired leases (if any), effective as of the Effective Date, except for

any executory contract or unexpired lease that (a) was previously assumed, assumed and assigned or rejected pursuant to an Order of the Bankruptcy Court entered on or before the Confirmation Date, (b) previously expired or terminated by its own terms or (c) is the subject of a motion to assume, assume and assign or reject filed on or prior to the Confirmation Date.

(iii)    Other Appropriate Provisions (11 U.S.C. § 1123(b)(2)). The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code including, without limitation, provisions for (a) distributions to holders of Claims and Equity Interests, (b) retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims and causes of action against third parties, to the extent not waived and released under the Plan, (c) resolution of Disputed Claims, (d) allowance of certain Claims, (e) releases by Debtors of certain parties, (f) releases by holders of Claims and Equity Interests, and (f) exculpations of certain parties.

(iv)    Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3)). This Plan provides for settlement of all Claims and Causes of Action through the Global Settlement. As set forth below, the Global Settlement is fair and equitable and will be approved.

(v)    Adequate Means for Implementation (11 U.S.C. § 1123(b)(5)). The Plan provides adequate means for its implementation including (i) leaving unaffected the rights of holders of Claims in Classes 1, 2 and 3, and (ii) affecting the rights of holders of Equity Interests in Classes 4A through 4L.

K.    Cure of Defaults (11 U.S.C. § 1123(d)). The Plan does not contemplate the cure of any defaults. Thus, section 1123(d) of the Bankruptcy Code is not applicable.

L.    The Plan Proponents' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).    The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code.  Specifically:

(a)    Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code;

(b)    The Plan Proponents have complied with all provisions of the Bankruptcy Code and Bankruptcy Rules, except as otherwise provided or permitted by orders of this Court; and

(c)    The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating the votes on the Plan.

M.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).    The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Plan Proponents' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the record of the Confirmation Hearing and the other proceedings in these Chapter 11 Cases.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates and to effectuate a liquidation of the Debtors.  The Plan was negotiated at arm's-length among representatives of the Debtors, PDC and the Committee.  Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions, as well as the provisions related to the Global Settlement, have been negotiated in good faith and at arm's-length.  Such provisions are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, are each necessary for the success of the Plan, and were not included in the Plan for any improper purpose.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND
ORDER CONFIRMING JOINT CHAPTER 11 PLAN – PAGE 9

N.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

O.    <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.    The Plan Proponents have complied with section 1129(a)(5) of the Bankruptcy Code.    It has been disclosed in the Plan and in the Disclosure Statement that the Responsible Party will continue in that capacity after confirmation of the Plan, and the continuance in such office by the Responsible Party is consistent with the interests of holders of Claims against and Equity Interests in the Debtors and with public policy.  No insiders will be employed or retained by the Reorganized Debtors.

P.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtors.

Q.    <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The Debtors are liquidating, and the estates will be enhanced as a result of the Global Settlement, thereby maximizing distributions to holders of Equity Interests.   If the Chapter 11 Cases were converted to cases under chapter 7 of the Bankruptcy Code, the Global Settlement would not necessarily be enforceable, additional costs and expenses would be incurred by a chapter 7 trustee, and litigation would likely ensue with unknown and questionable results.  Each holder of a Claim or Equity Interest in Classes 4A through 4L has either accepted the Plan, or will receive or retain under the Plan on account of its

Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the applicable Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies the "best interest of creditors" test with respect to each of Classes 4A through 4L under section 1129(a)(7) of the Bankruptcy Code.

R. <u>Acceptance by/Unimpairment of Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Classes 1, 2 and 3 are unimpaired by the Plan and holders of Claims in such Classes are thus conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Classes 4A through 4L are impaired by the Plan, and each such Class has accepted the Plan in accordance with section 1126(d) of the Bankruptcy Code, as established by the BMC Declaration. Section 1129(a)(8) of the Bankruptcy Code has, therefore, been satisfied.

S. <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Expense Claims and Priority Tax Claims pursuant to Article II of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

T. <u>Acceptance By At Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. No Class of Claims is impaired under the Plan. Section 1129(a)(10) is, therefore, inapplicable.

U. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Debtors are liquidating, pursuant to the Plan. As a result, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

V. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the

Court, have been or will be paid by the Debtors on the Effective Date pursuant to section 13.1 of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

W.      Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).   The Debtors do not pay any "retiree benefits," as defined in section 1114 of the Bankruptcy Code and section 1129(a)(13) of the Bankruptcy Code is thus inapplicable in these Chapter 11 Cases.

X.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).   The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.   Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

Y.      Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)).   The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

Z.      No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).   The Debtors are not non-profit corporations or trusts.   Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

AA.      Only One Plan (11 U.S.C. § 1129(c)).   The Plan is the only plan subject to confirmation.  Section 1129(c) of the Bankruptcy Code has been satisfied.

BB.      Principal Purpose of the Plan (11 U.S.C. § 1129(d)).   The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

CC.      Not Small Business Cases (11 U.S.C. § 1129(e)).   These Chapter 11 Cases are not small business cases and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

## COMPLIANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE

DD.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record before the Court in these Chapter 11 Cases, the Debtors, the Committee, PDC, the Responsible Party, and each of their respective present or former members, managers, officers, directors, employees, equity holders, partners, affiliates, funds, advisors, attorneys, agents, successors and assigns, and all other persons involved in the solicitation process, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all of their respective activities arising out of, relating to or connected with the administration of the Chapter 11 Cases, the negotiation and pursuit of approval of the Disclosure Statement, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the Plan, the consummation of the Plan and the Global Settlement and the property to be distributed under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

## COMPLIANCE WITH SECTION 1126 OF THE BANKRUPTCY CODE

EE.    Acceptance of Plan (11 U.S.C. § 1126).  As set forth in the BMC Declaration, each impaired voting Class has voted to accept the Plan, in accordance with the requirements of section 1126 of the Bankruptcy Code.

## PLAN IMPLEMENTATION

FF.    The terms of the Plan are incorporated by reference and are, except as addressed herein or in any future order of the Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

GG. The Plan and the Global Settlement have been negotiated in good faith and at arm's-length and shall, on and after the Effective Date, constitute legal, valid, binding and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.

HH. Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, the Plan will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtors, PDC, the Committee, the Responsible Party, and all of their respective members, managers, officers, directors, agents, advisors, attorneys, employees, equity holders, partners, affiliates, funds, agents and representatives will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby and (ii) take any actions authorized and directed by this Confirmation Order.

II. <u>Global Settlement</u>. The Global Settlement among the Debtors, PDC and the Committee is necessary to, and is an integral and essential element of, the Plan and its consummation. The terms and conditions of Global Settlement are fair and reasonable under the circumstances. The performance by the Debtors or Reorganized Debtors, as the case may be, PDC and the Committee with the terms thereof is authorized, and the parties are directed to consummate the same. The Global Settlement is the product of arm's-length negotiations among the Debtors, PDC and the Committee, and has been proposed in good faith, for legitimate business purposes, is supported by reasonably equivalent value and fair consideration and reflects the Debtors' exercise of reasonable business judgment. Entry into the Global Settlement and consummation of the same is in the best interests of the Debtors, their estates, their creditors

and their equity holders. The Debtors have provided all interested parties with sufficient and adequate notice of, and an opportunity to be heard with respect to, the Global Settlement. The terms and provisions of the Global Settlement are approved pursuant to this Confirmation Order.

JJ.     <u>Exemption from Transfer Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

KK.     The Debtors have exercised sound business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases pursuant to Article IX of the Plan. Each assumption or rejection of an executory contract or unexpired lease as provided in section 9.1 of the Plan shall be legal, valid, and binding upon the applicable Reorganized Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section 365(d)(4).

## EXCULPATIONS, INJUNCTIONS AND RELEASES

LL.     The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the exculpation, injunctions, stays and releases set forth in section 11.2, 11.3, 11.4 and 11.5 of the Plan. Section 105(a) of the Bankruptcy Code permits issuance of

the injunctions and approval of the unopposed releases and injunctions set forth in sections 11.2, 11.3, 11.4 and 11.5 of the Plan if, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the Global Settlement, and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' estates, (iii) are fair, equitable and reasonable, and (iv) are in the best interests of the Debtors, their estates, and parties in interest. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, and injunctions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, the Reorganized Debtors and their estates, creditors and equity holders. The releases of non-Debtors under the Plan are fair to holders of Claims and Equity Interests and are necessary to the proposed reorganization. Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties providing such releases. The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the releases, exculpation, and injunctions provided for in sections 11.2, 11.3, 11.4 and 11.5 of the Plan. Accordingly, based upon the record of these Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpation, and releases set forth in Article XI of the Plan are consistent with the Bankruptcy Code and applicable law. The failure to implement the injunctions, exculpation and releases would seriously impair the Debtors' ability to confirm the Plan and reorganize. Further, the Ballot provided to holders of Equity Interests entitled to vote on the Plan provided such holders with an opportunity to "opt out" of the release contained in section 11.4 of the Plan. To the extent any

holder of an Equity Interest properly and correctly opted out of such release, such holder is deemed to have **_not_** provided the releases contained in section 11.4 of the Plan, and such holder shall retain its rights, claims and causes of action (if any); *provided however*, that the portion of the Direct Claim Settlement Payment otherwise distributable to any holder of an Equity Interest who properly and correctly opted out of the releases contained in section 11.4 of the Plan shall revert back to PDC and not be distributed to any holder of an Equity Interest.[4]

## OTHER FINDINGS

MM.    Conditions Precedent to Confirmation.    The conditions precedent to confirmation set forth in section 10.1 of the Plan have been satisfied.

NN.    Retention of Jurisdiction.    This Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

OO.    Objections.    All parties have had a full and fair opportunity to file objections to confirmation of the Plan and to litigate any such objections.  No objections to confirmation were filed or otherwise raised.

## THE PLAN SATISFIES CONFIRMATION REQUIREMENTS

PP.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and shall be confirmed.

---

[4] As set forth in the BMC Declaration and in the record at the Confirmation Hearing, only two (2) Equity Interest holders opted out of the third party releases.  Other than these two holders, all other holders of Equity Interests are deemed to have consented to the release contained in section 11.4 of the Plan.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. <u>Confirmation</u>. The Plan shall be, and hereby is, confirmed pursuant to section 1129 of the Bankruptcy Code. A full and correct copy of the Plan confirmed by this Confirmation Order (including any modifications thereto made on the record at the Confirmation Hearing) is attached hereto as <u>Exhibit "A"</u>

2. <u>Solicitation and Notice</u>. Notice of the Confirmation Hearing and the solicitation of votes on the Plan complied with the terms of the Solicitation Order, were appropriate and satisfactory based upon the circumstances of the Debtors' Chapter 11 Cases, and were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. <u>Objections</u>. No objections to confirmation were filed or otherwise raised.

4. <u>Binding Effect</u>. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against or Equity Interest in the Debtors and such holder's respective successors and assigns, whether or not such Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

5. <u>Plan Classification Controlling</u>. The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots submitted in connection with voting on the Plan: (a) were solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual

classification of such Claims and Equity Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtors for any purpose other than voting on the Plan.

6. <u>Distribution Under the Plan</u>. All distributions under the Plan shall be made in accordance with Article VII of the Plan.

7. <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>. As set forth in section 11.1 of the Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtors' Estates shall vest in the applicable Reorganized Debtor, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as provided in the Plan or this Confirmation Order. The vesting, on the Effective Date, of the property of the Debtors' estates in the Reorganized Debtors does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

8. <u>Dissolution of the Debtors</u>. Upon the distribution and disposition of all assets of the Debtors' Estates pursuant to the Plan, and the filing by or on behalf of the Debtors of a certification to that effect with the Bankruptcy Court, the Debtors shall be deemed dissolved for all purposes, without the necessity for any further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith; *provided, however,* that the Responsible Party shall file with the appropriate state authority(ies) a certificate of dissolution, if necessary.

9. <u>Releases of Liens</u>. Except as otherwise provided in the Plan or this Confirmation Order, upon the Effective Date, any Lien, mortgage, deed of trust and other security interest against the property of any Debtor shall be deemed cancelled, terminated, released, discharged and extinguished and all right, title, and interest of any holder of such Lien, mortgage, deed of trust, financing statement and other security interest, including any rights to

any collateral thereunder, shall revert to the applicable Reorganized Debtor and its successors and assigns. The Debtors, the Reorganized Debtors or their designees are authorized to make such filings or releases as necessary to effectuate the provisions of this paragraph.

10. <u>Retained Assets</u>. To the extent that the succession to assets of the Debtors by the Reorganized Debtors pursuant to the Plan are deemed to constitute "transfers" of property, such transfers of property to the Reorganized Debtors (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Reorganized Debtors with good title to such property, free and clear of all Liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

11. <u>Notice of Confirmation Date and Effective Date</u>.

(a) <u>Notice of Entry of Confirmation Order</u>. Within five (5) Business Days after the Confirmation Date, the Debtors shall mail to all parties in interest in these Chapter 11 Cases notice of (i) the entry of this Confirmation Order and (ii) the last date to file (A) requests for payment of Administrative Expense Claims pursuant to section 2.1 of the Plan and Fee Claims pursuant to section 2.2 of the Plan, and (B) Claims arising from the rejection of any executory contracts and unexpired leases pursuant to section 9.1 of the Plan.

(b) <u>Notice of Effective Date</u>. Within five (5) Business Days after the Effective Date, the Debtors shall mail to all parties in interest in these Chapter 11 Cases notice of

the occurrence of the Effective Date.  The Debtors may serve such notice simultaneously with the Initial Distribution under the Plan.

12. <u>Administrative Expense Claims</u>.

(a) <u>Filing</u>.  All holders of Administrative Expense Claims arising from the Petition Date through the Effective Date, other than Professional Persons holding Fee Claims, shall file with the Court a request for payment of such Claims within thirty (30) days after the Effective Date.  Any such request shall be served on the Debtors, their counsel, the Committee and its counsel, and PDC and its counsel and shall, at a minimum, set forth (i) the name of the holder of the Administrative Expense Claim, (ii) the amount of the Administrative Expense Claim, and (iii) the basis for the Administrative Expense Claim.  A failure to file any such request in a timely fashion shall result in the discharge of such Administrative Expense Claim and its holder shall be forever barred from asserting such Administrative Expense Claim against the Debtors.

(b) <u>Allowance</u>.  An Administrative Expense Claim for which a request for payment has been timely filed shall become an Allowed Administrative Expense Claim unless an objection is filed by the date that is thirty (30) days after such Administrative Expense Claim is filed.  If an objection is timely filed, the Administrative Expense Claim in question shall become an Allowed Administrative Expense Claim only to the extent so Allowed by Final Order of this Court.

(c) <u>Payment</u>.  Except to the extent that a holder of an Allowed Administrative Expense Claim requests a different treatment of such Administrative Expense Claim, each holder of an Allowed Administrative Expense Claim shall receive, on account of and in full satisfaction of such Administrative Expense Claim, Cash in an amount equal to the

Allowed amount of such Administrative Expense Claim on the later of (i) the Effective Date or (ii) fifteen (15) days after entry of a Court order allowing such Administrative Expense Claim.

13.    <u>Fee Claims</u>.  Every Professional Person holding a Fee Claim that has not previously been the subject of a final fee application and accompanying Court order shall file a final application for payment of fees and reimbursement of expenses no later than the date that is thirty (30) days after the Effective Date.  Any such final fee application shall conform to and comply with all applicable rules and regulations contained in the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  The last date to object to any final fee application shall be the twenty-fourth (24th) day after such fee application has been filed with the Bankruptcy Court.  All final fee applications shall be set for hearing on the same day, as the Court's calendar permits, after consultation with counsel to the Debtors.  Allowed Fee Claims shall be paid in full in Cash by the Debtors on the later of (A) the Effective Date or (B) fifteen (15) days after entry of a Court order allowing such Fee Claim.

14.    <u>Record Date for Distributions</u>.   The Distribution Record Date shall be December 15, 2014.   The Reorganized Debtors and the Disbursing Agent shall have no obligation to recognize any transfer of any Equity Interest or indebtedness after the Distribution Record Date and shall be entitled instead to recognize for all purposes under the Plan and this Confirmation Order, including to effect distributions under the Plan, only those record holders stated on the transfer ledgers or registers maintained by the Debtors and PDC as of the close of business on the Distribution Record Date.

15.    <u>Unclaimed Distributions</u>.  If any distribution to the holder of an Allowed Claim or Allowed Equity Interest is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtors or PDC are notified of such holder's then-

current address, at which time all missed distributions shall be made to such holder without interest; *provided, however,* that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of one hundred eighty (180) days after the date of the distribution in question. After such 180th day, and notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary (i) all unclaimed property or interest in property in respect of the distribution in question shall revert to the respective Debtor from which it came and thereafter be distributed Pro Rata to the holders of that Debtor's Allowed Claims and Allowed Equity Interests in accordance with the terms of the Plan, and (ii) the Claim or Equity Interest of any holder with respect to such unclaimed property or interest in property shall be discharged and forever barred.

16.     Assumption or Rejection of Executory Contracts and Unexpired Leases.

(a)     General. Pursuant to section 9.1 of the Plan, except as otherwise provided in the Plan or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, each Debtor is hereby deemed to have rejected each executory contract and unexpired lease to which it is a party, unless such contract or lease (i) was previously assumed, assumed and assigned, or rejected by the Debtor pursuant to an order of the Court, (ii) previously expired or terminated pursuant to its own terms, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation. This Confirmation Order shall constitute approval, pursuant to sections 365(a) and 1123(b) of the Bankruptcy Code, of the assumption or rejection of executory contracts and unexpired leases as described above upon the occurrence of the Effective Date. Such assumption or rejection shall be legal, valid, and binding upon the applicable Reorganized Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section

365 of the Bankruptcy Code including, without limitation, section 365(d)(4). For the avoidance of doubt, the JOAs previously assumed by the Debtors have either been terminated or merged out of existence by their terms, as a result of the prior Court-approved sales of the Debtors' assets. As a result, the JOAs are no longer obligations of the Debtors or their respective estates, and neither the Debtors nor their estates shall have any liability in connection therewith; *provided, however*, that PDC may file an Administrative Expense Claim with respect to the Deficits, whether arising under the JOAs or otherwise.

(b) <u>Bar Date for Rejection Damage Claims</u>. All Claims arising out of the rejection of executory contracts or unexpired leases pursuant to the Plan must be filed with the Court and served upon the applicable Debtor and its counsel no later than thirty (30) days after the earlier of (i) the date of entry of a Court order (including this Confirmation Order) approving such rejection or (ii) the Effective Date; *provided, however*, that any Claim arising out of the rejection of an executory contract or unexpired lease that is filed after the Effective Date of the Plan shall be served on the Reorganized Debtors. Any rejection Claims not filed within such time shall be forever barred from assertion against the Debtors, the Reorganized Debtors, their Estates and their property, shall be unenforceable and shall be discharged.

17. <u>General Authorization</u>. Pursuant to sections 1142(a) and (b) of the Bankruptcy Code and any applicable provision of the business corporation laws of any other State, each of the Debtors and the Reorganized Debtors is hereby authorized and empowered to, and shall, take such actions and perform such other acts as may be reasonably necessary or appropriate to comply with or implement the Plan. All matters provided for in the Plan involving the corporate structure of the Debtors or the Reorganized Debtors, and any corporate action required by the Debtors or the Reorganized Debtors in connection with the Plan shall be

deemed to have occurred and shall be in effect, without any requirement of further action by any person or entity.

18.    <u>Global Settlement</u>.    The Global Settlement is hereby approved.    The parties are authorized and directed to take such other actions as may be necessary to effectuate the same, and perform all obligations contemplated thereby.

19.    <u>Payment of Statutory Fees</u>.    Each of the Debtors and the Reorganized Debtors, as applicable, shall pay any and all fees pursuant to 28 U.S.C. § 1930(a)(6) until the Chapter 11 Cases are converted, dismissed or closed.    The Debtors and the Reorganized Debtors, as applicable, shall also make any and all reports pursuant to Bankruptcy Rule 2015(a) as may be required by the U.S. Trustee.

20.    <u>Governmental Approvals Not Required.</u>    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

21.    <u>Filing and Recording</u>.    This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan Documents and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

22.    <u>Exemption from Transfer Taxes</u>.    Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.   All sale transactions consummated by the Debtors and approved by the Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the sale by the Debtors of owned property pursuant to section 363(b) of the Bankruptcy Code, and the assumption, assignment, and sale by the Debtors of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

23.    <u>Exculpation, Releases and Injunctions</u>.    The exculpations, releases and injunctions contained in sections 11.2, 11.3, 11.4 and 11.5 of the Plan are hereby approved.

24.     <u>Dissolution of the Committee</u>.  Except with respect to any appeal of an order in the Cases, and any matters related to any proposed modification of the Plan, on the Effective Date, the Committee shall be dissolved and the members, employees, agents, advisors, affiliates and representatives (including, without limitation, attorneys, financial advisors, and other Professionals) thereof shall thereupon be released from and discharged of and from all further authority, duties, responsibilities and obligations related thereto, arising from and in connection with or related to the Cases, and shall be released and exculpated from any and all acts or omissions taken or omitted to be taken in connection with or related to the Chapter 11 Cases, except for acts or omissions as shall constitute fraud, willful misconduct or gross negligence.

25.     <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Article X of the Plan have been satisfied or waived pursuant to section 10.2 and 10.3 of the Plan.

26.     <u>Retention of Jurisdiction</u>.  Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

27.     <u>Appeal of the Confirmation Order</u>.  Except as otherwise provided herein, if any provision of this Confirmation Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or Disbursing Agent prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any reversal, stay, modification, or vacatur of this Confirmation Order, any act or obligation incurred or undertaken

pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto, and shall remain binding.

28.     <u>Conflicts Between Confirmation Order and Plan</u>.    The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however*, that in the event of any inconsistency among the Plan, the Disclosure Statement, any exhibit or schedule to the Disclosure Statement, the provisions of the Plan shall govern.  In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Court.

29.     <u>Authorization to Consummate Plan/No Stay</u>.  Notwithstanding Bankruptcy Rule 3020(e), 6004(g), 6006(d), 7062 or otherwise, but subject to Article X of the Plan, the Debtors are authorized to consummate the Plan upon entry of this Confirmation Order, and the Confirmation Order shall take effect on the date hereof.

# # # END OF ORDER # # #

## EXHIBIT A

**Joint Chapter 11 Plan As Confirmed**

2369981.3